# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2753

_____

Lawrence Sedric Rowan,      *

     *

        Petitioner-Appellant,     *

     *    Appeal from the United States

     v.              *    District Court for the

     *    District of Minnesota.

United States of America,      *

     *        [UNPUBLISHED]

        Respondent-Appellee.    *

_____

Submitted: June 10, 2004
Filed: June 28, 2004

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Lawrence Rowan appeals from the district court's[1] order denying his motion for habeas relief brought pursuant to 28 U.S.C. § 2255. The district court granted Rowan a certificate of appealability on the issue of whether his counsel provided ineffective assistance. We affirm.

Rowan was charged with four counts of violating federal drug law. He hired an attorney who already represented one of his co-defendants, Kenric McMurtry. A

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

hearing was held concerning the joint representation at which it was determined that a conflict did not exist. Rowan signed a conflict waiver following the hearing. Rowan and the Government subsequently entered into a written plea agreement in which Rowan agreed to plead guilty to only Count 2 of the Superseding Indictment, which charged him with possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Government agreed that it would move to dismiss the remaining counts at sentencing, including Count 4, which charged Rowan with aiding and abetting the possession with intent to distribute approximately 452 grams of cocaine base. However, the parties agreed that Rowan would be accountable for relevant conduct of approximately 452 grams of cocaine base.

On May 2, 2001, the district court sentenced Rowan to 151 months' imprisonment. This court affirmed his conviction and sentence on direct appeal. Rowan then filed the present § 2255 motion, arguing that his counsel was ineffective because of an actual conflict of interest relating to the joint representation and because his counsel allegedly told Rowan he would not be held accountable for the 452 grams of cocaine base if he pled guilty. The district court denied the motion without holding an evidentiary hearing.

Because Rowan's ineffective assistance claim presents a mixed question of law and fact, we review the district court's conclusion *de novo* and its findings of fact for clear error. See United States v. White, 341 F.3d 673, 677 (8th Cir. 2003). In order to prevail on his ineffective assistance claim, Rowan must show that his counsel's "'representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.'" Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir. 1993) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

Rowan first claims he was sentenced for the crime charged in Count 4, even though he was not convicted of that crime, which resulted in application of the incorrect base offense level and imposition of an illegal sentence. Rowan argues he was prejudiced by ineffective assistance of counsel because his counsel failed to object to these errors. We find no merit in Rowan's argument. The record clearly shows that Rowan was not sentenced for the crime charged in Court 4, but rather according to the plea agreement. The parties stipulated in the plea agreement that Rowan's base offense level was 34 pursuant to § 2D1.1 of the Sentencing Guidelines and that he would receive a three-level reduction for acceptance of responsibility. The base offense level of 34 took into account the 452 grams of cocaine base for which Rowan had agreed to be held accountable. See U.S.S.G. § 2D1.1(c). The plea agreement and plea colloquy make it clear that Rowan knew and understood that the cocaine base would be considered relevant conduct and would affect his sentence. He therefore has no basis on which to claim that he was sentenced for the wrong crime or that his counsel rendered ineffective assistance with respect to his sentencing.

Rowan also argues he was prejudiced by ineffective assistance of counsel due to his attorney's actual conflict of interest. In this regard, Rowan alleges that his attorney failed to disclose to him or the district court that McMurtry was cooperating with the Government concerning Rowan's criminal activity. The district court found that Rowan's allegations could not be accepted as true because several facts in the record showed McMurtry was not cooperating with the Government. We find no error in the district court's finding. Having no basis in fact to claim that his counsel had an actual conflict of interest, Rowan's claim that he was prejudiced by the alleged ineffective assistance of his counsel fails.

Accordingly, we affirm the judgment of the district court.

_____